IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EDWARD T. RILEY,** | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| v. | :   C.A. No. 04-181-SLR |
| **HILTON HOTELS CORPORATION**, a | : |
| Delaware corporation; **DSP REAL** | : |
| **ESTATE PROPERTIES, LLC**, trading as | : |
| the Hampton Inn Seaford, Delaware; | : |
| **SRS MANAGEMENT CORPORATION**, a | : |
| Delaware corporation; and **SAL** | : |
| **PATEL**, | : |
| | : |
|     **Defendants.** | : |

**<u>MOTION TO WITHDRAW AS COUNSEL</u>**

Pursuant to D.Del. LR 83.7, for the reasons stated below counsel for plaintiff, Thomas S. Neuberger, Esquire, Stephen J. Neuberger, Esquire, and The Neuberger Firm, P.A., Move that they be allowed to withdraw as counsel for plaintiff in this proceeding.

This case is scheduled for a five day jury trial beginning February 16, 2006.

The discovery cutoff is September 30, 2005.

To date, liability discovery has been partially completed. The depositions of the three responding officers of the Seaford Police Department have been taken. The testimony of these credible police officers, and also the audio recording of the clerk's 911 telephone call, have established the elements of a prima facie case of race discrimination under 42 U.S.C. §§ 1981 and 1982, and the relevant case law. <u>See, e.g.</u> <u>Powell v. Super 8 Motels, Inc.</u>, 181 F.Supp.2d 561 (E.D.N.C. 2000); <u>Wieczorek v. Red Roof Inns</u>, 3 F.Supp.2d 210 (N.D.N.Y. 1988). In light of this evidence, counsel believes that defendants will not be able to move for summary judgment

on any liability theory and that plaintiff's case will instead smoothly proceed to its February 16, 2006 trial date.

For plaintiff, two depositions remain to be taken, that of the hotel clerk who was on duty the night of the incident, and that of the owner of the hotel, defendant Patel. In light of the testimony of the three police officers, and the recording of the clerk's 911 telephone call, counsel expects that those depositions also will proceed smoothly.

Discovery has greatly simplified what is at issue in this case. For example, defendant Hilton Hotels was previously dismissed, which drastically narrowed the scope of this case. Additionally, the expert deadline has passed and no expert reports were submitted or exchanged, which also drastically narrowed the scope of potential damages issues. Furthermore, this case simply has not been document or deposition intensive. Instead, to date, three depositions have been taken. As mentioned above, plaintiff only needs to take two more. Defendants have not yet taken any depositions, although they were scheduled to take plaintiff's deposition tomorrow - August 3, 2005. Similarly, there are only a handful of documents relevant to this case.

Both the record and the case as it has developed are remarkably uncomplicated.

As a result, withdrawal can be accomplished without material adverse effect on the interests of the client. Because of the simple and straightforward legal theories and the state of the record involved, once obtained, substitute counsel will be able to quickly master the file and get up to speed on the case.

As discussed above, almost two months remain for discovery to be taken. Additionally, because it appears unlikely that defendants could move for summary judgment, if the need arose, discovery could be extended for a short period of time to allow for resolution of any trailing

2

discovery matters without interfering with the February trial date.

And because discovery has not yet been completed and trial will not occur for another six months, there is more than sufficient time for plaintiff to obtain substitute counsel to wrap up discovery and to try his case.

An "attorney may withdraw from representation only for reasonable cause and upon reasonable notice." See Ryan v. Butera, Beausang, Cohen & Brennan, 193 F.3d 210, 212 n.4 (3d Cir. 1999). The case law has identified four factors that should be considered in making this determination. (1) the "reason for which the withdrawal is sought;" (2) "whether withdrawal will prejudice the parties;" (3) "whether withdrawal will interfere with the administration of justice;" and (4) "the degree to which withdrawal will delay the action." See McCune v. First Judicial Dist. of Pa. Probation Dept., 99 F.Supp.2d 565, 566 (E.D.Pa. 2000).

Additionally, "[p]ursuant to Local Rule 83.6(d)(2), the District of Delaware has adopted the Model Rules of Professional Conduct." Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc., 145 F.Supp.2d 579, 581 (D.Del. 2001). Model Rule of Professional Conduct (hereinafter "MRPC") 1.16 governs the termination of an attorney's representation of a client.

### (1) The Reason for Which Withdrawal is Sought

Counsel seeks permission to withdraw for the following reasons.

Continued representation has been rendered unreasonably difficult by the client. See MRPC 1.16(b)(6).

Counsel reasonably anticipates that continued representation will result in violation of the rules of professional conduct, the local rules of this Court, and/or the Federal Rules of Civil Procedure, which will thus subject counsel to discipline and/or sanctions. See MRPC 1.16(a)(1).

3

As discussed above, withdrawal can be accomplished without material adverse affect on the interests of the client. See MRPC 1.16(b)(1).

Continued representation will result in actions being taken with which counsel has a fundamental disagreement. See MRPC 1.16(b)(4).

Continued representation will result in an unreasonable financial burden on counsel. See MRPC 1.16(b)(6).

Other good cause for withdrawal exists. See MRPC 1.16(b)(7).

The confidentiality requirements of MRPC 1.6 do not allow counsel to offer greater specificity to these explanations.

### (2) **Withdrawal Will Not Prejudice the Parties**

As discussed above, none of the parties to this action will be prejudiced by withdrawal.

Pursuant to D.Del. LR 7.1.1, plaintiff's counsel has contacted defense counsel and defense counsel does not oppose this Motion.

Additionally, nearly two months remain before the discovery cut-off, more than enough time for plaintiff to find substitute counsel to represent his interests and conduct the two depositions that remain for plaintiff to take. Furthermore, given the state of the record, summary judgment is not a realistic possibility for defendants, thus, even if a short extension of the discovery cut-off date is required, plaintiff will still be able to complete the small amount of discovery remaining.

Moreover, trial is more than six months away. Plaintiff has plenty of time to find substitute counsel to represent his interests in what has developed into a straightforward and uncomplicated race discrimination case.

Plaintiff's counsel has taken steps, to the extent reasonably practicable, to protect the client's interests. As discussed, there is more than enough time available to the client to secure new counsel. In the next several days, counsel will begin to make arrangements for plaintiff to obtain a complete copy of his file to facilitate the transfer of this case to his new counsel. Any funds or advance fees in the possession of plaintiff's counsel will be accounted for and disbursed to the client as soon as reasonably possible and as soon as any outstanding vendor statements have been paid.

For the aforementioned reasons, withdrawal will not prejudice the parties to this case.

**(3) <u>Withdrawal Will Not Interfere With the Administration of Justice</u>**

Withdrawal also will not interfere with the administration of justice.

As discussed above, the scope of this case has been significantly pared down as discovery has diligently proceeded. Instead of the original two weeks of trial time, this case has been scaled back to a mere five (5) days and may ultimately be pared down even further.

Second, trial is more than six months in the future. Nearly two months remain before the discovery cut-off. Given the state of the record, summary judgment is a highly unlikely possibility, so even if a short discovery extension is requested, it will in no way interfere with the trial scheduled to begin on February 16, 2006.

Lastly, the reasons for withdrawal given in subsection (1) above also promote the administration of justice.

**(4) <u>Withdrawal Will Not Delay the Action</u>**

For the reasons discussed at subsection (3) immediately above, withdrawal also will not delay this action.

**WHEREFORE**, Thomas S. Neuberger, Stephen J. Neuberger, and The Neuberger Firm, P.A., pray that the Court grant this motion and Order that their entries of appearance in this action be withdrawn and that plaintiff be given a reasonable opportunity to obtain new counsel in this proceeding.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: August 2, 2005            Attorneys for Plaintiff

**LOCAL RULE 7.1.1 STATEMENT**

Counsel certifies that his co-counsel contacted counsel for the defendants on August 2, 2005, to determine their position on this motion. Defense counsel indicated that he did not oppose the Motion.

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ**.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EDWARD T. RILEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | C.A. No. 04-181-SLR |
| **HILTON HOTELS CORPORATION,** a Delaware corporation; **DSP REAL ESTATE PROPERTIES, LLC,** trading as the Hampton Inn Seaford, Delaware; **SRS MANAGEMENT CORPORATION,** a Delaware corporation; and **SAL PATEL,** | : : : : : : : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Upon consideration of the Motion to Withdraw as Counsel filed by Thomas S. Neuberger, Esquire; Stephen J. Neuberger, Esquire; and The Neuberger Firm, P.A. and any response thereto filed by plaintiff and the defendants, and the Court being satisfied that plaintiff received notice of this Motion, this ____ day of _____, 2005 it is hereby Ordered that -

1. The Motion is granted.

2. The appearances of Thomas S. Neuberger, Esquire, Stephen J. Neuberger, Esquire, and The Neuberger Firm, P.A., in this action are withdrawn.

3. Plaintiff is given thirty (30) days to secure new counsel in this case.

<br>

_____
**ROBINSON, C.J.**

8

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the Bar of this Court, do hereby certify that on August 2, 2005, I electronically filed this **Motion** with the Clerk of Court using CM/ECF. The following individuals will be served with this filing by the means indicated:

Roger D. Landon, Esq.
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805
rlandon@msllaw.com
(Via CM/ECF)

Thomas C. Dawson, Jr., Esq.
McKenry, Dancigers, Warner, Dawson & Lake
192 Ballard Court, Suite 400
Virginia Beach, VA 23462
tcdawson@va-law.org
(Via E-mail and U.S. Mail)

Mr. Edward T. Riley
c/o Future Recording Studios, Inc.
4338 Virginia Beach Blvd
Virginia Beach, VA 23462
(Via U.S. Certified Mail)

Mr. Edward T. Riley
c/o Future Recording Studios, Inc.
2405 Ketch Road
Virginia Beach, VA 23451
(Via U.S. Certified Mail)

Mr. Edward T. Riley
18730 Oxnard St., Ste. 211
Tarzana, CA 91356
(Via U.S. Certified Mail)

Mr. Edward T. Riley
1201 West 5th St., Ste A17
Los Angeles, CA 90017
(Via U.S. Certified Mail)

Mr. Edward T. Riley
Guy2K1@aol.com
Lilman@NewJackHouse.com
teddy@tmail.com
(Via E-mail)

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

Riley / Pleadings / Motion to Withdrawal as Counsel.final